UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SAMUEL MALDONADO,

                       Plaintiff,

      -against-                       MEMORANDUM & ORDER

MIRANDA K. MALDONADO,           1:19-cv-7047 (ENV)

                       Defendant.

------------------------------------------------------------ x

VITALIANO, D.J.

Plaintiff Samuel Maldonado filed this quite unusual *pro se* civil rights action on December 12, 2019, naming his daughter as the only defendant. Plaintiff's request to proceed *in forma pauperis* is granted, pursuant to 28 U.S.C. § 1915, for the purposes of this Order, but the action is dismissed.

## Controlling Legal Principles

The Court is mindful that in reviewing a *pro se* complaint, a plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quotation marks and citation omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally"). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the district

court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Notwithstanding a self represented pleader's right to solicitude, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action when it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Regardless of whether filed by a *pro se* plaintiff or not, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Although a plaintiff need not provide "detailed factual allegations," *Twombly*, 550 U.S. at 555, the pleading rules do demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In assessing plausibility, all allegations contained in the complaint are assumed to be true, but this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Even more critical, a plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. Pleading solicitude often affords no cure for a jurisdictional defect. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42

(E.D.N.Y. 1999) (inquiring into whether *pro se* plaintiff established subject matter jurisdiction); *see also Chestnut v. Wells Fargo Bank N.A.*, No. 11 Civ. 5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and § 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## Discussion

In this case, Maldonado alleges that his daughter conspired to violate his civil rights and slandered and defamed him in connection with a New York criminal proceeding. His complaint, it is presumed, invokes the provisions of the Civil Rights Acts under 42 U.S.C. § 1985. Section 1985 applies to conspiracies to interfere with an individual's constitutional rights and may include conspiracies by private actors. However, none of its three provisions applies in

3

plaintiff's case. Section 1985(1) addresses conspiracies to interfere with federal officers. Section 1985(2) has two components. The first clause addresses conspiracies to obstruct justice or to intimidate witnesses or jurors or other parties in federal court proceedings. The second clause concerns conspiracies to obstruct "the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws...." 42 U.S.C. § 1985(2). Section 1985(3) provides a remedy to redress conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Claims related to equal protection of the laws under Section 1985(3) and the second clause of Section 1985(2) require the plaintiff to show that the conspiracy was motivated by racial or otherwise class-based animus. *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825, 834-35, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983) (Section 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." (citation omitted)); *Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) (requiring racial, ethnic, or class-based animus for the second part of Section 1985(2)).

This pleading of the claim falls woefully short of satisfying plausibility. The provisions related to federal officers and federal court proceedings clearly do not apply to plaintiff's case. The remaining provisions refer to equal protection of the laws and require a showing of racial or other class-based animus. Plaintiff has not alleged that defendant conspired to violate his civil

4

rights as part of any racial or other discriminatory purpose. Thus, plaintiff's claims under Section 1985 are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Indeed, his allegations not only fall short of plausibility, they make clear that amendment of this claim is futile.

Maldonado also claims that defendant defamed and slandered him. These claims may be actionable under state law, but they do not give rise to any federal question. The Court has considered whether plaintiff could invoke the Court's diversity jurisdiction in order to bring these state law claims and finds that both parties are domiciled in New York State. Although plaintiff is currently detained in Florida, he states that he resides in New York City. For the purpose of determining diversity of citizenship, prisoners are presumed to be domiciled in the state of origin, not the state of incarceration. *See Scott v. Sonnet, Sale & Kuehne, P.A.*, 989 F. Supp. 542, 543 n.1 (S.D.N.Y. 1998) ("Prisoners are presumed to retain the domicile they had at the time of incarceration for diversity purposes, although they can attempt to show that they have established domicile in the state of incarceration."). While a prisoner can rebut this presumption by showing that he intends to change his residence after incarceration, plaintiff has specifically stated that he resides in New York. Thus, plaintiff's claims for slander and defamation are dismissed without prejudice for lack of subject matter jurisdiction.

## Conclusion

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The Complaint is dismissed for failure to state a claim pursuant to 28 U.S. C. §1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). Since the futility of amendment is patent, leave for that purpose is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum and Order to plaintiff, and to close this case.

So Ordered.

Dated: Brooklyn, New York
February 14, 2020

s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge